CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR -1 2015
for Roanoke
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GLENN CALVIN LAWHORN, | ) | Civil Action No. 7:14-cv-00417 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Hon. Jackson L. Kiser |
|     Respondent. | ) | Senior United States District Judge |

Glenn Calvin Lawhorn, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge the results of various Virginia prisons' Institutional Classification Authority ("ICA") determinations about Petitioner's security-level classification.[1] Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant Respondent's motion and dismiss the petition without prejudice.

I must "focus[] on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Petitioner's claims, even if successful, would not "necessarily spell speedier release" from custody because the determinate length of Petitioner's sentence did not change when Petitioner's security classifications changed, and Petitioner does not have a

---

[1] As I noted in Byant v. Johnson, No. 7:11-cv-00075, 2012 U.S. Dist. LEXIS 118173, at *5 n.3, 2012 WL 4458214, at *1 n.3 (W.D. Va. Aug. 21, 2012):
    An ICA hearing is conducted whenever an inmate is scheduled for an annual review, formal due process hearing, or an informal hearing, depending on the hearing's purpose . . . . The ICA hearing officer completes a "Class Level Evaluation Sheet," which uses a point system to evaluate the inmate. The factors considered during the ICA hearing review are security levels, institutional assignments, program participation, work classification, job assignments, institutional infractions, and any other decisions affecting the inmate . . . . The total number of earned points determines an inmate's security level.

protected liberty interest in earning a specific rate of good conduct time.[2]  See DeBlasio v. Johnson, 128 F. Supp. 2d 315, 329 (E.D. Va. 2000), aff'd, 13 F. App'x 96 (4th Cir. 2001).  The effect of a classification change on the ability to earn good-time credit is too speculative to constitute a deprivation of a protected liberty interest.  See Luken v. Scott, 71 F.3d 192, 193-94 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 229 n.8 (1976)); see, e.g., Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974).  Consequently, even if the results of Petitioner's ICA hearings ultimately impacted his custody status or the rate at which he could earn good-time credit in the future, such changes do not implicate federal due process protections.  Thus, Petitioner's claims do not lie within "the core of habeas corpus" and may be brought, if at all, via 42 U.S.C. § 1983.[3]

Accordingly, I grant Respondent's motion to dismiss and dismiss the petition without prejudice.  Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 1st day of April, 2015.

*Jackson L. Kiser*
Senior United States District Judge

---

[2] To the extent Petitioner broadly alleges that his sentence has not been calculated correctly while he complains about the lack of an adequate state administrative remedy, such a legal conclusion is not entitled to an assumption of truth and is not sufficient to state a claim upon which relief may be granted.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see, e.g., R. 2(c)(1)-(2) of the Rules Governing § 2254 Cases.

[3] I decline to construe the petition as a complaint pursuant to 42 U.S.C. § 1983 because Petitioner has already filed such an action with this court in Lawhorn v. Clarke, et al., No. 7:14-cv-00437.

2